THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* BERNARD KEANE and NEW YORKER DELICATESSEN, INC., Defendants.

City Magistrate's Court of New York, Municipal Term, Borough of Manhattan, March 30, 1944.

*Irving F. Cohen* for defendants.

*Ignatius M. Wilkinson, Corporation Counsel (Joseph Frasca* of counsel), for plaintiff.

ROTHENBERG, C. M. Defendants move to dismiss the complaints on the following grounds:

(1) That the charges, although contained in several complaints, constitute in law and in fact but one infraction and that an acquittal or conviction in one is a bar to the prosecution of the others;

(2) That the corporate defendant should have been joined as a party defendant in the same complaint with the individual defendant named;

(3) That the clothing of the New York State War Council with the powers enumerated in the legislative Act which established it (L. 1942, ch. 544, as amd.) and the acts pursuant thereto of the New York State War Council in respect of the resolution adopted by it on April 28, 1943 (Resolution No. 294, published May 8, 1943, in the Official Bulletin of N. Y. S. War Council, Vol. 2, No. 20, p. 222 ) involved unconstitutional delegation of power by the State Legislature;

(4) That, by its terms, a violation of the Emergency Price Control Act of 1942 (U. S. Code, tit. 50, Appendix, § 901 *et seq.*) must be shown to have been willful before a conviction can be had.

The court denies the motion to dismiss the complaints upon the following grounds:

(1) It holds that each sale by the defendants of food above the ceiling price constituted a separate infraction which may be charged in a separate complaint, although they may all be included in one complaint.

(2) While it would be better practice to join both defendants in one complaint, such procedure is not mandatory.

(3) A recent decision of the Supreme Court of the United States in the case of *Yakus* v. *United States* (321 U. S. 414, decided March 27, 1944) considered the question of unconstitutional delegation of power in connection with authority conferred under the Emergency Price Control Act. The conclusions arrived at in that case would appear to apply to the New

York State War Emergency legislation as well. It follows, therefore, that the New York State War Emergency legislation is valid.

(4) The use of the word " willfully " in the Emergency Price Control Act [§ 205, subd. (b); U. S. Code, tit. 50, Appendix, § 925, subd. (b)█] does not mean that the infraction charged must have been with an evil intent or purpose. It has been held that in statutes denouncing offenses involving turpitude the word " willfully " is generally used to mean with evil purpose, criminal intent, or the like, but in those denouncing acts not in themselves wrong the word is usually used without any such implication. In the latter instances it denotes conduct which is intentional or knowing or voluntary as distinguished from accidental, or conduct marked by careless disregard of its rightfulness. (United States v. Illinois Central R. Co., 303 U. S. 239; United States v. Murdock, 290 U. S. 389.)

The defendants are found guilty as charged.