### BOWLES, Price Administrator, v. HALL.
### SAME v. HOLLIDAY.

Nos. 53, 54.

District Court, E. D. Kentucky.

Oct. 1, 1945.

Hogan L. Yancey and Taylor N. House, both of Lexington, Ky., and Robert L. Moss, of Mt. Sterling, Ky., for plaintiff.

Barney W. Baker, of Hazard, Ky., for defendants.

FORD, District Judge.

These cases arise out of a single transaction between the defendants and by agreement of the parties were tried together.

Mrs. Eva Hall, the defendant in case No. 53, operates a retail grocery and meat business in Hazard, Perry County, Kentucky, and Green Holliday, the defendant in case No. 54, is a farmer residing in Perry County engaged in the business of raising, handling and selling hogs and other live stock.

On or about May 5, 1945, the defendant Green Holliday sold and delivered to the defendant Mrs. Eva Hall certain dressed hogs for use or consumption in the course of her business. At the trial it was stipulated by the parties that the price paid was $435.04 in excess of the maximum permissible price prescribed for such commodity by section 1364.21 of revised maximum price regulation #148 promulgated by the Price Administrator under the provisions of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A. Appendix § 901 et seq.

In case No. 53, the plaintiff seeks only an injunction against Mrs. Hall to restrain future violation of the prescribed price regulation. In case No. 54 the Administrator, in addition to an injunction restraining the defendant Green Holliday from future violations of the Act, seeks to recover from him three times the amount of the overcharge.

The uncontroverted testimony is to the effect that before consummating the transaction both defendants communicated with the persons in charge of the local O.P.A. office at Hazard in an effort to ascertain the maximum price prescribed for the sale of dressed hogs and were informed that the local office had not received the applicable price schedule and was unable to give them the desired information. Thereupon they proceeded to consummate the sale with the understanding that if the price paid should thereafter be found to be in excess of the maximum price schedule, the overcharge would be refunded by the seller. The refund was duly made in accordance with the understanding.

It satisfactorily appears from the testimony that the violation of the price schedule by the defendants "was neither willful nor the result of failure to take practicable precautions against the occurrence of the violation." However, under § 4 of the Price Control Act, 50 U.S.C.A. Appendix § 904 "regardless of any contract, agreement * * * or other obligation" it is made unlawful to sell, deliver, offer, solicit, attempt or agree to sell or deliver any commodity at a price in excess of the effective price schedule. One who receives in exchange for a commodity an amount in excess of the maximum price schedule may not avoid the liability imposed by the Statute by an agreement with the purchaser to refund the amount of the overcharge. The duty rests upon the seller as well as the purchaser to ascertain the maximum price applicable to the transaction before selling or delivering the commodity, and one who fails to do so makes the sale at his own risk. He is not protected by an understanding in reference to a subsequent price adjustment. United States v. Lutz, 3 Cir., 142 F.2d 985; Bowles v. Ammon, D.C., 61 F.Supp. 106, 117, note 9.

The Emergency Price Control Act of 1942, as amended by Stabilization Extension Act of 1944, 50 U.S.C.A.Appendix § 925(e), imposes upon any person selling a commodity in violation of the established maximum price schedule liability for three times the amount of the overcharge, but this liability is qualified as follows: "Provided, however, That such amount shall be the amount of the overcharge or overcharges or $25, whichever is greater, if the defendant proves that the violation of the regulation, order, or price schedule in question was neither willful nor the result of failure to take practicable precautions against the occurrence of the violation."

488

■ Under the provisions of the 1944 amendment, if the sale be for use in the course of the buyer's trade or business, the exclusive right of action for recovery of the seller's liability is in the Administrator. Bowles, Adm'r v. Rogers, 7 Cir., 149 F.2d 1010.

In the recent case of Bowles v. Krodel, 7 Cir., 149 F.2d 398, 400, the Court construed the 1944 amendment holding that in a suit by the Administrator, if the evidence establishes the defense that the violation was neither willful nor the result of failure to take practicable precautions against the occurrence of the violation, and the overcharge is more than $25 "the lower limit of the court's discretion is the amount of the overcharge itself. * * * and in such case the court has no discretion but to enter a judgment for the minimum amount that is the overcharge * * *."

The same question was considered by the Circuit Court of Appeals of the Eighth Circuit in Bowles v. Sharp, 149 F.2d 148, 149, in which the amount of the overcharge was $267.21. The Court said: "If appellee produces evidence establishing that the violation of the regulation was not willful nor the result of failure to take practicable precautions against the occurrence of the violation, judgment should be for $267.21 and costs."

It thus appears that liability under the Statute is not restricted to willful violations. "Innocent non-conformity with the Price Control Act is as inflationary and as damaging to competitors and the public as guilty non-conformity." Brown, Adm'r, v. Hecht Co., 78 U.S.App.D.C. 98, 137 F.2d 689, 691; Bowles v. American Stores, Inc., 78 U.S.App.D.C. 238, 139 F.2d 377, certiorari denied 322 U.S. 730, 64 S.Ct. 947, 88 L.Ed. 1565.

■ Under the 1944 Amendment, lack of willfullness in respect to the violation results in a reduction of maximum liability from three times the amount of the overcharge to the actual amount thereof, but does not afford complete immunity to the violator. The statute clearly makes it mandatory for the court to render judgment for at least the amount of the overcharge where, as in case No. 54, the violation is admitted and the overcharge exceeds $25.

■ The proof is insufficient to indicate substantial danger of future violations of the Act by either of the defendants and consequently the injunctive relief sought by the plaintiff in both cases should be denied.

■ Judgment should be entered in case No. 54 for the amount of the overcharge and the costs of the action.

This memorandum may serve as the Court's Findings of Fact and Conclusions of Law in both cases.