## BOWLES v. PECHERSKY.

Civ. A. No. 4145.

District Court, W. D. Pennsylvania.

Feb. 14, 1946.

642

Thomas F. Garrahan, Dist. Enf. Atty., of Pittsburgh, Pa., for plaintiff.

Samuel M. Rosenzweig, of Pittsburgh, Pa., for defendant.

GOURLEY, District Judge.

This is a civil action brought by the Administrator of the Office of Price Administration against the defendant, Louis Pechersky, t/a L. Pechersky's Market, under and pursuant to the provisions of Sections 2, 4, and 205 (a) and (e) of the Emer-

gency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, §§ 902, 904, 925 (a, e).

It was the contention of the plaintiff that the defendant violated Maximum Price Regulation 423, and more particularly that the defendant sold Heinz' Tomato Soup to his retail trade at a price of two cans for 25¢, and that under the provisions of said Maximum Price Regulation 423, the ceiling price for the retail sale of Heinz' Tomato Soup was 12¢ per can.

It was the further contention of the plaintiff that the defendant sold Chef's Bay-Or-Dee Spaghetti at 39¢ per can to his retail trade, which was in excess of the selling price established by Maximum Price Regulation 423, which fixed the maximum price to be charged for said commodity at 35¢.

The plaintiff claimed that the defendant is liable to the Administrator, on behalf of the United States, for the amount of $50, and in addition thereto, the plaintiff prays that a preliminary and final injunction directed to the defendant, his agents, employees, servants, attorneys and all persons in active concert or participation with any of them, jointly or severally, enjoining and restraining them from:

1. Selling or delivering or offering to sell or deliver any grocery item unless and until defendant has his current selling price for each item of food covered by said regulation clearly shown on the item or near the place in his store where the items are offered for sale.

2. Selling, offering to sell, delivering or offering to deliver at retail any grocery item at a price higher than the maximum prices established therefor by MPR 423 or any other regulation or price schedule promulgated by the Office of Price Administration establishing or relating to maximum retail prices for groceries.

3. Offering, soliciting, attempting or agreeing to do any of the foregoing.

This matter was presented for hearing before the Court without a jury, and each of the parties to said proceeding have filed Suggested Findings of Fact and Conclusions of Law.

The Court, after hearing and consideration of the Suggested Findings of Fact and Conclusions of Law together with the arguments presented by counsel for the party litigants, makes the following Findings of Fact and Conclusions of Law:

## Findings of Fact

1. The plaintiff is the duly appointed and qualified Administrator of the Office of Price Administration.

2. This action is before the Court pursuant to the provisions of Sections 2, 4, 205(a) and (e) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, §§ 902, 904, 925(a, e), and jurisdiction is conferred upon this Court by virtue of Section 205(c) and (e).

3. Maximum Price Regulation 423, Section 1351.362 establishes and provides for the maximum retail prices which, at the time more particularly hereinafter referred to, the defendant was legally permitted to charge and receive for the grocery items more specifically hereinafter set forth.

4. On March 5, 1945, the defendant was the owner and operator of a retail meat and grocery business situate at 741 Mellon Street, in the City of Pittsburgh, Allegheny County, Pennsylvania, and on said date was governed by the provisions of Maximum Price Regulation 423, Section 1351.362 in the conducting of the said business.

5. On March 5, 1945, the defendant published in his place of business, at the location where Heinz' Tomato Soup was kept for sale, that the selling price of said commodity was two cans for 25¢.

6. The defendant made a statement in writing to an investigator of the Office of Price Administration, which was signed by the defendant, in which he admitted that Heinz' Tomato Soup was being sold by him at the price of two cans for 25¢.

7. The defendant honestly believed that the price charged by him for Heinz' Tomato Soup of two cans for 25¢ was the correct selling price as established by the regulation issued by the Office of Price Administration.

8. That under the provisions of Maximum Price Regulation 423, Section 1351.362, the maximum price which the defendant was legally permitted to charge and receive for Heinz' Tomato Soup was 12¢ per can.

9. That the defendant operated a small retail meat and grocery place of business, which is commonly known as a neighborhood grocery store or a one man place of business, and no persons were employed by the said defendant to assist him in the conducting or operating of said business.

644

10. That the actions of the defendant in selling Heinz' Tomato Soup at a price of two cans for 25¢ was without intention on his part to violate said regulation, and his conduct was, therefore, not willful.

11. That the defendant failed to prove that the violation was not the result of the failure to take practicable precautions.

12. That the plaintiff has failed to prove that the defendant sold or offered for sale Chef's Bay-Or-Dee Spaghetti in excess of the selling price of 35¢ provided by Maximum Price Regulation 423, Section 1351.-362.

13. That the plaintiff is entitled to injunctive relief against the defendant, which was agreed to by counsel for the defendant in the presence of the defendant in open court at the time of said hearing, as prayed for in the bill of complaint.

### Conclusions of Law

1. The Court has jurisdiction of the within proceeding pursuant to the provisions of Sections 2, 4, 205(a) and (e) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, §§ 902, 904, 925(a, e).

2. The Court has jurisdiction over the parties hereto by virtue of Section 205(c) and (e).

3. The defendant, Louis Pechersky, t/a L. Pechersky's Market, has violated the provisions of Maximum Price Regulation 423, Section 1351.362, in that the defendant charged and received for the sale of Heinz' Tomato Soup 25¢ for two cans which was in excess of said Regulation, which fixed the maximum selling price at 12¢ per can.

4. That the action of the defendant in the selling of said Heinz' Tomato Soup on the basis of two cans for 25¢ was not willful.

5. That the action of the defendant in the selling of said Heinz' Tomato Soup on the basis of two cans for 25¢ was the result of failure to take practicable precautions.

6. That the defendant did not sell or offer for sale Chef's Bay-Or-Dee Spaghetti at a price in excess of Maximum Price Regulation 423, Section 1351.362, which was 35¢.

7. That the plaintiff is entitled to recovery and judgment is, therefore, entered in favor of the plaintiff against the defendant, Louis Pechersky, t/a L. Pechersky's Market, in the amount of $25, together with the costs of said proceeding.

8. That the plaintiff is entitled to injunctive relief against the defendant, and the defendant, defendant's officers, agents, servants, employees, attorneys and all person in active concert or participation with any of them jointly and severally be, and they are, permanently enjoined and restrained from engaging in or causing, directly or indirectly, any of the following acts or omission to act:

1. Selling or delivering or offering to sell or deliver any grocery item unless and until defendant has his current selling price for each item of food covered by said regulation clearly shown on the item or at or near the place in his store where the items are offered for sale.

2. Selling, offering to sell, delivering or offering to deliver, at retail any grocery item at a price higher than the maximum prices established therefor by Maximum Price Regulation 423 or any other regulation or price schedule promulgated by the Office of Price Administration establishing or relating to maximum retail prices for groceries.

3. Offering, soliciting, attempting or agreeing to do any of the foregoing.

### Discussion

This action may seem trivial in that it is admitted by all parties concerned that the violation which gave rise to the filing of this complaint concerns only the sale of Heinz' Tomato Soup on the basis of two cans for 25¢ while the maximum price regulation which established the highest selling price which could be charged for said commodity was 12¢ per can.

The Court realizes the many hardships and difficulties which the defendant experienced as the sole owner of the business in which he was concerned in keeping himself informed in detail as to the ceiling prices for the various commodities which he kept for sale. However, the Office of Price Administration made available for all persons a copy of Maximum Price Regulation 423, which the defendant could have secured if he did not have the same available for reference at his place of business.

Although the action of the defendant in selling said commodity in excess of the ceiling price was not willful, there is no question but what he did not take practic-

able precautions to ascertain the maximum selling price which would govern the sale of the said commodity which he carried for sale to his customers. The defendant justified his action by explaining that he only made an exact and careful check of those commodities which sold daily or which were in constant demand, and that Heinz' Tomato Soup was not sold daily and very little or no demand existed as far as his trade was concerned.

The defendant also endeavored to justify his failure to comply with the ceiling price of said commodity by explaining that he was the sole owner of the business, and that he had no other employees to assist him and, as a result of which, found it extremely difficult to keep informed as to the various regulations which existed, which had application to the sale of the commodities handled in his place of business.

It further appears that the representatives of the Office of Price Administration had requested the defendant to appear before the Price Panel Board for the purpose of explaining or justifying the overcharge which was being made, but he failed to open the letter which was sent to him until the day of the hearing and extended no further effort to adjust his failure to comply with the regulation which resulted in the filing of this proceeding against him.

It appears that the actions of the defendant and his neglect to comply with the regulations were due to inadvertence and full realization of the requirements which existed, and the question, therefore, arises as to whether his actions were willful and the result of failure to take practicable precautions.

■■ Due to the fact that the defendant represented to the public by the affixing of a sign that the maximum selling price for Heinz' Tomato Soup was two cans for 25¢, it indicates an honest belief on his part that he was complying with the regulation as far as said commodity was concerned. It is a rare occasion for an individual to publicly commit an act of wrongdoing with a willful intent since it is common knowledge that acts of wrongfulness are usually done or committed with secrecy or in a manner that does not become known to the public generally. Willfulness has been judicially construed to characterize conduct which is intentional, knowing, voluntary, deliberate or obstinate, as distinguished from malevolent, or specifically designed

to be violative of the law. Zimberg v. United States, 1 Cir., 142 F.2d 132, certiorari denied 323 U.S. 712, 65 S.Ct. 38; Bowles v. Krasno Bros. Glove & Mitten Co., D.C.Wis., 59 F.Supp. 581; Bowles v. Goebel, D.C.N.D., 58 F.Supp. 686; People v. Keane, 181 Misc. 592, 47 N.Y.S.2d 347; Bowles v. Ammon, D.C., 61 F.Supp. 106, at page 117.

Guided by the foregoing principal of law, the Court is of the opinion that the conduct of the defendant in this proceeding was not willful.

■ As to whether or not the defendant exercised means of practicable precautions to comply with the regulation, it is first necessary for the Court to consider the meaning of said phrase, its common definition being defined as follows: That the act or responsibility is capable of being done or accomplished with available means or resources, or that the act is capable of being performed, put into practice, or possible of being accomplished, executed or performed, and that by the exercise of ordinary reasonable care and caution being taken, it is possible to avoid the commission of a wrong doing such as by the use of reasonable precaution a person's life has been saved or an accident has been avoided. 49 Corpus Juris, Paragraphs 1309 to 1318, inclusive.

■ It appears to the Court that the action of the defendant in failing to comply with the regulation was the result of failure to take practicable precautions for the reason that the defendant admitted that from time to time he would receive circulars and regulations from the Office of Price Administration, and that after written notice had been sent to him to appear before the Price Panel Board, due to carelessness on his part and the burdens and responsibilities of his business, he failed to appear.

Such actions on the part of the defendant together with his honest belief that he was complying with the regulation are not justifiable excuses to support his contention that the action of the government is not well maintained. The courts have held that although the merchant is not positive as to the price of a commodity and agrees to return to a purchaser any overcharge which might have been made in the event that it is later ascertained that the ceiling price for a commodity is less than the amount charged, such willingness on the part of the

646

defendant does not justify or afford complete immunity to the violator.

■ Where there is a lack of willfulness in respect to the violation of maximum ceiling prices, such fact justifies a reduction of maximum responsibility from three times the amount of the overcharge to an amount which would be commensurate with the circumstances, but such fact does not afford to the violator exoneration from the penalties of law. Bowles v. Hall (Bowles v. Holliday) D.C., 62 F.Supp. 486.

The question, therefore, arises as to the maximum amount of recovery which should be allowed in favor of the government and assessed against the defendant, and as to the granting of injunctive relief in favor of the government against the defendant.

Under the provisions of Emergency Price Control Act of 1942, paragraph 205 (e), as amended, 50 U.S.C.A.Appendix, § 925(e), it is provided inter alia as follows: That any person who violates a regulation, order or price schedule, shall be liable for (1) such an amount not more than three times the amount of the overcharge, or the overcharges, upon which the action is based as the court in its discretion may determine; provided however, that such amount shall be the amount of the overcharge, or overcharges, if the defendant proves that the violation of the regulaton, order or price schedule, was neither willful nor the result of failure to take practicable precautions, or (2) an amount not less than $25.00 nor more than $50.00 as the court in its discretion may determine.

■ This last provision was intended to take care of the small violators who sold low priced items at amounts slightly in excess of the ceiling price, and where suit for three times of the overcharge would have no practicable law-enforcing effect because the amounts were so small.

It, therefore, appears that the amount of the recovery under circumstances such as we have in this case should be a fair and equitable figure between $25 and $50 without reference to the precise amount of the overcharge. The Court is aware that it has been held that where the defendant fails to prove that his actions were not willful or the result of failure to take practicable precautions, that the Court should direct the entry of judgment in the amount of $50, and in cases where the overcharge is in excess of $25, a judgment should be entered for three times the amount of the overcharge. Bowles v. Krasno Bros. Glove & Mitten Co., D.C., 59 F.Supp. 581.

However, few cases are alike in all respects. Degrees of guilt or of wrongdoing are varied and widespread, and the penalty, therefore, should be made to fit the violation. Under the provisions of the Emergency Price Control Act, where a sale exceeds the ceiling price, recovery should be limited to the amount of overcharge if the defendant sustains the burden of proving that the violation was neither willful nor the result of failure to take practicable precautions. In the event the defendant has failed to sustain said burden of proof, recovery should not be less than the overcharge and not more than three times said overcharge, and where the amount of the overcharge is less than $25, said recovery should be limited to an amount not less than $25 nor more than $50 as the Court in its discretion may determine. Bowles v. Goebel, D.C., 58 F. Supp. 686; Bowles v. Ammon, D.C., 61 F.Supp. 106.

■ It is also necessary for the court to exercise its discretion in light of the major objectives in the act. For the standards of public interest, not the requirements of private litigation, measure the propriety and need for the amount of damages which are assessed. That discretion should also reflect an acute awareness of the congressional admonition that of all the consequences of war and the post-war economic readjustment period, except human slaughter, inflation is the most destructive and that indifference to the regulations of the Office of Price Administration will be fatal. Hecht Co. v. Bowles, Price Administrator, 321 U.S. 321, 64 S.Ct. 587, 88 L. Ed. 754; Bowles, Office of Price Administration, v. Goebel, D.C. 58 F.Supp. 686.

The Court, therefore, believes that judgment should be entered in favor of the Office of Price Administration, on behalf of the United States, against the defendant, Louis Pechersky, t/a L. Pechersky's Market, for the amount of $25 together with the costs of this proceeding.

In connection with the allegation of the plaintiff that the defendant sold Chef's Bay-Or-Dee Spaghetti at a price of 39¢ per can, which was in excess of Maximum Price Regulation 423 and which provided a selling price of $0.35 for said commodity, the plaintiff has failed to prove by the preponderance of the evidence that a sale or

sales on the basis just mentioned have been made by the defendant. The Court, therefore, dismisses the claim of the plaintiff for the alleged violation of the defendant in connection with the sale of said commodity.

It is also true that innocent nonconformity with the Price Control Act is as inflationary and as damaging to competitors and the public as guilty nonconformity. Bowles v. Hall (Bowles v. Holliday), D.C., 62 F. Supp. 486; Brown, Adm'r, v. Hecht Co., 78 U.S.App.D.C. 98, 137 F.2d 689, 691; Bowles v. American Stores, Inc., 78 U.S. App.D.C. 238, 139 F.2d 377, certiorari denied 322 U.S. 730, 64 S.Ct. 947, 88 L.Ed. 1565.

It is, therefore, necessary that the defendant realize in the future that he must comply with all rules and regulations adopted by the Office of Price Administration, which would govern any commodity that he might have occasion to sell at his place of business. It is, therefore, the belief of the Court that the request of the government for injunctive relief should be granted and an appropriate order granting the injunctive relief will be filed with this opinion.

### Order

And Now, to wit this 14th day of February, 1946, the above case having been heard by the Court, and a stipulation filed by each of the parties to this proceeding waiving the right to file suggested Findings of Fact and Conclusions of Law, and argument having been made by counsel; and thereupon, upon consideration thereof, it is ordered, adjudged and decreed as follows, viz.:

(a) Judgment is hereby entered in favor of the Office of Price Administration on behalf of the United States against the defendant, Louis Pechersky, t/a L. Pechersky's Market, for the amount of $25.

(b) The defendant, defendant's officers, agents, servants, employees, attorneys and all persons in active concert or participation with any of them jointly and severally be, and they are, permanently enjoined and restrained from engaging in or causing, directly or indirectly, any of the following acts or omission to act:

1. Selling or delivering or offering to sell or deliver any grocery item unless and until defendant has his current selling price for each item of food covered by said regulation clearly shown on the item or at or near the place in his store where the items are offered for sale.

2. Selling, offering to sell, delivering or offering to deliver, at retail any grocery item at a price higher than the maximum prices established therefor by MPR 423 or any other regulation or price schedule promulgated by the Office of Price Administration establishing or relating to maximum retail prices for groceries.

3. Offering, soliciting, attempting or agreeing to do any of the foregoing.

Costs to be paid by the defendant.