**BOWLES, Adm'r, Office of Price Administration, v. WEITZ.**

**No. 4020.**

District Court, W. D. Pennsylvania.
March 6, 1946.

Thomas F. Garrahan and Leo Daniels, both of Pittsburgh, Pa., for plaintiff.

Mayer Sniderman, of Pittsburgh, Pa., for defendant.

GOURLEY, District Judge.

This is a civil action brought by the Administrator of the Office of Price Administration against the defendant, David Weitz, under and pursuant to the provisions of Sections 2, 4, 205(a) and(c) of the Emergency Price Control Act of 1942, as amended 50 U.S.C.A.Appendix §§ 902, 904, 925(a, c).

It is the contention of the plaintiff that the defendant violated Maximum Price Regulation No. 394; Office of Economic Stabilization Regulation No. 1, Sections 4002.1 and 4002.4; Revised Ration Order No. 16, Section 6.9, and General Maximum Price Regulation, Section 1499.13, in that the defendant sold certain kosher veal and lamb in excess of the maximum retail prices, and failed and neglected to display the grade, the point value, and the current maximum price list for meat commodities.

It is the specific contention of the plaintiff that the defendant on September 13, 1945, sold kosher lamb shoulder chops in excess of the retail ceiling price, and on October 24, 1945, sold boneless shoulder steak, grade AA, in excess of the retail ceiling price.

The plaintiff claims that the defendant is liable to the Administrator, on behalf of the United States, for the amount of $50, and, in addition thereto, the plaintiff prays that a preliminary and final injunction directed to the defendant, his agents, employees, servants, attorneys and all persons in active concert or participation with them or any of them, jointly or severally, enjoining and restraining them from:

1. Selling, offering to sell, delivering or offering to deliver any kosher beef, veal, lamb or mutton cut at retail unless and until the grade, and point value for each such cut is displayed thereon in a manner visible to the purchaser thereof.

2. Selling, offering to sell or delivering any meat product, covered by GMPR, and made a cost-of-living commodity, thereby, unless and until defendant posts in a conspicious place in his establishment the current Office of Price Administration Ceiling Price List for meats and all other cost-of-living commodities sold by him.

3. Selling, offering to sell, delivering or offering to deliver, at retail any kosher beef, veal, lamb or mutton cut at a price higher than the maximum price permitted by MPR 394.

4. Offering, soliciting, attempting or agreeing to do any of the foregoing.

This matter was presented for hearing before the Court without a jury, and each of the parties to said proceeding has filed Suggested Findings of Fact and Conclusions of Law.

The Court, after hearing and consideration of the Suggested Findings of Fact and Conclusions of Law together with the arguments presented by counsel for the party litigants, makes the following Findings of Fact and Conclusions of Law:

### Findings of Fact

1. The defendant, David Weitz, for a period of twenty years has owned and operated a kosher retail meat business, and on September 13, 1945, and on October 24, 1945, and prior thereto, operated said business at 104 Logan Street, in the City of Pittsburgh, and within the jurisdiction of this court.

2. The defendant is now personally operating said business at 1201 Fifth Avenue, within the jurisdiction of this court.

3. The defendant is cognizant of the existence of Maximum Price Regulation No. 394, issued by the Office of Price Administration, and is familiar and was familiar on September 13, 1945, October 24,

832

1945, and prior thereto, with the provisions and requirements of said Regulation.

4. Maximum Price Regulation No. 394, issued by the Office of Price Administration, establishes the legal maximum prices which may be lawfully charged by a seller at retail of kosher beef, veal, lamb and mutton cuts; and said Regulation established the legal maximum prices for the kosher meat cuts sold by the defendant on September 13, 1945, and October 24, 1945.

5. On September 13, 1945, the defendant, personally, sold to Fannie R. Weiss, then an investigator for the Office of Price Administration, four kosher lamb shoulder chops, weighing 1 lb. 8 oz. at the time final delivery of said commodity was made to said purchaser, for which he charged and received from her the price of 90¢.

6. The legal maximum price established by Maximum Price Regulation No. 394 on September 13, 1945, for 1 lb. 8 oz. of kosher lamb chops of the grade and type which were sold to Investigator Weiss, on that date was 72¢.

7. On October 24, 1945, a duly authorized clerk, employee, servant and agent of the defendant, acting in the course of the defendant's business and on his behalf and in the presence of the defendant, sold to Jeannette Reiter an investigator for the Office of Price Administration, kosher shoulder steak, weighing 1 lb. 4 oz. at the time delivery of said commodity was made to said purchaser, for which he charged and received from her the price of 95¢.

8. The legal maximum price established by Maximum Price Regulation No. 394, on October 24, 1945, for 1 lb. 4 oz. of the grade and type which were sold to Investigator Reiter, on that date, was 75¢, the defendant testifying that the ceiling price was 46¢ per pound.

9. It is the practice in defendant's establishment to trim meat purchases of fat and bones after weighing the same for sale, but on the occasion of the purchases made on September 13, 1945, and October 24, 1945, the purchasers, bearing this custom in mind, expressly requested and procured the purchase of the meat cuts bought by them on said dates without any further trimming after the weighing of the respective commodities purchased.

## Conclusions of Law

1. This court has jurisdiction of the within proceedings pursuant to the provisions of Sections 2, 4, and 205(a), (c) and (e) of the Amended Emergency Price Control Act.

2. This court has jurisdiction over the parties and all parties concerned are properly before the court.

3. The defendant, personally, on September 13, 1945, and, by and through his duly authorized servant and agent, on October 24, 1945, has violated the provisions of Maximum Price Regulation No. 394 by selling at retail commodities covered by said Regulation at prices in excess of the legal maximum prices established therefor by said Regulation.

4. The actions of the defendant in the selling of said commodities in excess of the retail ceiling prices provided by Maximum Price Regulation No. 394 were willful.

5. The actions of the defendant in the selling of said commodities in excess of the retail ceiling prices provided by Maximum Price Regulation No. 394 were the result of failure to take practicable precautions.

6. The plaintiff is entitled to recovery and judgment is, therefore, entered in favor of the plaintiff, against the defendant, David Weitz, in the amount of Fifty Dollars ($50), together with the costs of said proceeding.

7. The plaintiff is entitled to injunctive relief against the defendant, and the defendant, defendant's officers, agents, servants, employees, attorneys and all persons in active concert or participation with any of them, jointly and severally be, and they are, permanently enjoined and restrained from engaging in or causing, directly or indirectly, any of the following acts or omissions to act:

1. Selling, offering to sell, delivering or offering to deliver any retail kosher beef, veal, lamb or mutton cut at a price in excess of the legal maximum price permitted for such commodities by Maximum Price Regulation No. 394.

2. Directly or indirectly, in any manner whatsoever, violate any other provision of Maximum Price Regulation No. 394.

3. Offering, soliciting, attempting or agreeing to do any of the foregoing.

## Discussion

In this proceeding, it is the claim of the Government that during the months of September and October, 1945, the defendant violated the provisions of Maximum

Price Regulation No. 394, in that certain sales were made in excess of the ceiling prices established thereby.

Regulation 16 of Maximum Price Regulation No. 394 provides that all retail cuts of meat sold thereunder must be trimmed before the cuts are weighed or sold to the customer, and must be prepared for sale according to the requirements of Jewish dietary law. Fat must not be added to any of the cuts before they are weighed or sold.

Regulation 19 of Maximum Price Regulation No. 394 sets forth and establishes the retail ceiling prices for kosher beef, veal, lamb and mutton, and in connection therewith for the purposes of this case, we are concerned only with the price of lamb and beef. The ceiling price for said commodities being:

A. Kosher lamb shoulder chops, blade or arm, Grade AA 48¢ per pound.

B. Kosher shoulder steak, (boneless) Grade AA 62¢ per pound.

The Government contends that on September 13, 1945, the defendant sold to an investigator for the Office of Price Administration four (4) lamb chops, which weighed one and one-half (1½) pounds, for 90¢, which was 18¢ in excess of the ceiling price of 72¢, the ceiling price being 48¢ per pound; and that on October 24, 1945, a sale was made by an employee of the defendant to another investigator of veal shoulder steak, which weighed one pound 4 ounces, for 85¢, which was ten cents in excess of the ceiling price of 75¢, the ceiling price being 62¢ per pound.

The defendant explains that after the sale of the lamb chops, he trimmed certain fat from the meat, which was ¾ inch in length, ¼ inch thick and ¼ inch wide, and that this was done as a courtesy to the purchaser. That after the sale of the kosher shoulder steak, the defendant removed the veins from said meat as a courtesy to the purchaser. It is argued by the defendant that if weight allowance was given for the fat which was removed in one instance, and the veins in the other, the sales would have been within the ceiling prices.

The decision to be reached resolves itself into a question of the credibility of the witnesses. The witnesses called by the Government clearly established that at the time said sales were made, the defendant or his employee trimmed the fat and removed the veins before the meat was weighed, and that nothing was done to the meat after the sale or purchase.

The defendant admitted that he was familiar with the Regulations of the Office of Price Administration, and that he never sold meats which were trimmed before the sale but all trimming was done subsequent to the sale. However, the defendant admitted that he had no recollection of the witnesses being in his place of business, or could he identify either of them.

The defendant also failed to prove the weight of the fat which was trimmed in each instance. Assuming that his testimony is true, the Court would have no basis to reach an intelligent or satisfactory conclusion that the trimming after the sale would reduce the weight to bring the sales within the ceiling prices.

There has been no proof offered by the defendant to show any bias or prejudice on the part of the witnesses called by the Government, and I can, therefore, see no reason for finding that there has been any falsification of testimony. The defendant, on the other hand, does not contradict specifically said witnesses, but rests his defense on a custom or practice which he claims was followed in his business.

I can, therefore, arrive at no conclusion other than that the defendant willfully and with the failure to take practicable precautions sold the commodities involved in this proceeding in excess of the ceiling price provided by the Regulation of kosher meats.

Willfulness has been judicially construed to characterize conduct which is intentional, knowing, voluntary, deliberate or obstinate, as distinguished from malevolent, or specifically designed to be violative of the law. Zimberg v. United States, 1 Cir., 142 F.2d 132, certiorari denied 323 U.S. 712, 65 S.Ct. 38; Bowles v. Krasno Bros. Glove & Mitten Co., D.C.Wis., 59 F.Supp. 581; Bowles v. Goebel, D.C.N.D., 58 F.Supp. 686; People v. Keane, 181 Misc. 592, 47 N.Y.S.2d 347; Bowles v. Ammon, D.C. 61 F.Supp. 106, at page 117.

Practicable precaution has been defined as follows: That the act or responsibility is capable of being done or accomplished with available means or resources, or that the act is capable of being performed, put into practice, or possible of being accomplished, executed or performed, and that by the exercise of ordinary reasonable care and caution being taken, it is

834

possible to avoid the commission of a wrong doing such as by the use of reasonable precaution a person's life has been saved or an accident has been avoided. 49 Corpus Juris, Paragraphs 1309 to 1318, inclusive.

The question, therefore, arises as to the maximum amount of recovery which should be allowed in favor of the Government and assessed against the defendant, and as to the granting of injunctive relief in favor of the Government against the defendant.

■ Under the provisions of Emergency Price Control Act of 1942, § 205(e), as amended, 50 U.S.C.A.Appendix § 925(e), it is provided inter alia, as follows: That any person who violates a regulation, order or price schedule, shall be liable for (1) such an amount not more than three times the amount of the overcharge, or the overcharges, upon which the action is based as the court in its discretion may determine; provided, however, that such amount shall be the amount of the overcharge, or overcharges, if the defendant proves that the violation of the regulation, order or price schedule, was neither willful nor the result of failure to take practicable precautions, or (2) an amount not less than $25 nor more than $50 as the court in its discretion may determine.

This last provision was intended to take care of the small violators who sold low priced items at amounts slightly in excess of the ceiling price, and where suit for three times the amount of the overcharge would have no practicable law-enforcing effect because the amounts were so small.

■ However, few cases are alike in all respects. Degrees of guilt or of wrong doing are varied and wide spread, and the penalty, therefore, should be made to fit the violation. Under the provisions of the Emergency Price Control Act, where a sale exceeds the ceiling price, recovery should be limited to the amount of overcharge if the defendant sustains the burden of proving that the violation was neither willful nor the result of failure to take practicable precautions. In the event the defendant has failed to sustain said burden of proof, recovery should not be less than the overcharge and not more than three times said overcharge, and where the amount of the overcharge is less than $25, said recovery should be limited to an amount not less than $25 nor more than $50, as the Court in its discretion may determine.

Bowles v. Goebel, D.C., 58 F.Supp. 686; Bowles v. Ammon, D.C., 61 F.Supp. 106.

■ It is also necessary for the Court to exercise its discretion in light of the major objectives in the act. For the standards of public interest, not the requirements of private litigation, measure the propriety and need for the amount of damages which are assessed. That discretion should also reflect an acute awareness of the congressional admonition that of all the consequences of war and the post-war economic re-adjustment period, except human slaughter, inflation is the most destructive and that indifference to the regulations of the Office of Price Administration will be fatal. Hecht Co. v. Bowles, Price Administrator, 321 U.S. 321, 64 S.Ct. 587, 88 L.Ed. 754; Bowles, Office of Price Administration, v. Goebel, D.C., 58' F.Supp. 686.

■ In this case, if the purchases had been made by individuals who were not employed by the Office of Price Administration, the Government would have been justified in claiming the amount of $100 as damages, since the sales were made on two different occasions to different representatives of the Office of Price Administration. The Government, however, is only claiming the maximum recovery of $50 even though two sales had been made and, in view of the circumstances, the Court in its discretion does not feel justified in reducing the maximum penalty provided by law.

The Court, therefore, believes that judgment should be entered in favor of the Office of Price Administration, on behalf of the United States, against the defendant, David Weitz, for the amount of $50 together with the costs of this proceeding.

■ It is necessary that the defendant realize in the future that he must comply with all rules and regulations adopted by the Office of Price Administration, which would govern any commodity that he might have occasion to sell at his place of business. It is, therefore, the belief of the Court that the request of the Government for injunctive relief should be granted.

An appropriate Order directing the entry of judgment, and the granting of the injunctive relief will be filed with this opinion.

## Order

The above case having been heard by the Court, and the Court having made the

Findings of Fact and the Conclusions of Law heretofore filed and made part of the record of said case, now, therefore, pursuant thereto, it is ordered, adjudged and decreed as follows:

(a) Judgment is hereby entered in favor of the Office of Price Administration on behalf of the United States against the defendant, David Weitz, for the amount of $50.

(b) The defendant, defendant's officers, agents, servants, employees, attorneys and all persons in active concert or participation with any of them, jointly and severally be, and they are, permanently enjoined and restrained from engaging in or causing, directly or indirectly, any of the following acts or omissions to act:

1. Selling, offering to sell, delivering or offering to deliver any retail kosher beef, veal, lamb or mutton cut at a price in excess of the legal maximum price permitted for such commodities by Maximum Price Regulation No. 394.

2. Directly or indirectly, in any manner whatsoever, violate any other provision of Maximum Price Regulation No. 394.

3. Offering, soliciting, attempting or agreeing to do any of the foregoing.

Costs to be paid by the defendant.