**BOWLES, Price Administrator, v. LENKO.**

**Civil Action No. 4375.**

District Court, W. D. Pennsylvania.

Feb. 27, 1946.

Thomas F. Garrahan and Robert Bruce Greer, both of Pittsburgh, Pa., for plaintiff.

Robert R. Elder, of Pittsburgh, Pa., for defendant.

GOURLEY, District Judge.

This is a civil action brought by the Administrator of the Office of Price Administration against the defendant, Helen

Lenko, under and pursuant to the provisions of Section 205(a) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A. Appendix 901 et seq.

It was the contention of the plaintiff that the defendant violated Section 4(a) of the Emergency Price Control Act of 1942, as amended by the Stabilization Extension Act of 1944, 50 U.S.C.A. Appendix § 901 et seq., in that the defendant charged rents in excess of the Maximum Rent Regulation (8 Fed.Reg. 14663) as provided for housing accommodations in the Pittsburgh Defense-Rental Area.

It was further contended by the plaintiff that the defendant is the owner and landlord of certain housing accommodations situate at 533 Chestnut Street, Springdale, Pennsylvania, which is within the Pittsburgh Defense-Rental Area, and charged rental for said premises on the basis of $40 per month from November 15, 1944, to and including May 15, 1945, while the legal maximum rent for said housing accommodation was $30.00 per month, or the amount of $10.00 in excess of the legal maximum rent was charged for a period of seven months, or a total overcharge of $70.

The plaintiff claims that the defendant is liable to the Administrator, on behalf of the United States, for the amount of $210, the same being three times the amount of said overcharge, pursuant to Section 205(e) of said Act, 50 U.S.C.A. Appendix § 925(e), together with the costs of said proceeding.

The plaintiff also demands injunctive relief against the defendant, her agents, servants, employees, attorneys, and all persons acting directly or indirectly in her behalf, and which violation of the regulations pertaining to Rent Regulation for Housing would be restrained.

This matter was presented for hearing before the Court without a jury, and each of the parties to said proceeding filed a stipulation with the court in which they waived the filing of suggested findings of fact and conclusions of law.

The Court, after hearing and consideration, makes the following Findings of Fact and Conclusions of Law:

### Findings of Fact

1. The plaintiff is the duly appointed and qualified Administrator of the Office of Price Administration.

2. This action is before the Court pursuant to the provisions of Section 205(a) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A. Appendix § 901 et seq., and jurisdiction is conferred upon this Court by virtue of Section 205 (c).

3. Rent regulation Section 2(b) of the Act (8 Fed.Reg. 14663) was in effect for housing in the Pittsburgh Defense-Rental Area during the period from November 15, 1944 to and including May 15, 1945.

4. That the legal maximum rent for the housing accommodation owned by the defendant, Helen Lenko, and which was situate at 533 Chestnut Street, Springdale, Pennsylvania, was $30 per month.

5. That the defendant, Helen Lenko, demanded and received during the period from November 15, 1944, to and including May 15, 1945, the amount of $40 per month for the rental of said premises.

6. That the charge made by the defendant for the rental of said premises was $10 per month in excess of the legal maximum rent, and that said charge was made for a period of seven months, with a total overcharge of $70.00.

7. That the defendant, Helen Lenko, was prosecuted in the Criminal Court for the Western District of Pennsylvania, Criminal Docket No. 11942, for violation of Section 2(a) of Rent Regulation for Housing, which proceeding included the following offenses: Unlawfully demanding rent in excess of maximum legal rent, unlawfully demanding and receiving rent in excess of maximum legal rent, and unlawfully removing and evicting tenants.

8. That the defendant, Helen Lenko, appeared before the Honorable F. P. Schoonmaker, then District Judge, now deceased, on June 5, 1945, and entered her plea of "nolo contendere," and on said date the Court directed the defendant to pay a fine of $50 and the costs, which were in the amount of $36.84.

9. That although the entry of said plea of "nolo contendere" is not an admission of guilt, the facts and circumstances produced at the time of the hearing of the civil action clearly establish that the acts of the defendant were both willful and the result of failure to exercise practicable precautions to comply with the Rent Regulation.

594

## Conclusions of Law

1. The Court has jurisdiction of the within proceeding pursuant to the provisions of Section 205(a) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix § 901 et seq.

2. The Court has jurisdiction over the parties hereto by virtue of Section 205(c) of the Act.

3. The defendant, Helen Lenko, has violated the provisions of Section 4(a) of the Emergency Price Control Act of 1942, as amended by the Stabilization Extension Act of 1944, 50 U.S.C.A.Appendix § 901 et seq., and, more particularly, Rent Regulation for Housing in the Pittsburgh Defense-Rental Area (8 Fed.Reg. 14663).

4. The defendant, Helen Lenko, demanded and received excess rental in the amount of $10 per month for the period from November 15, 1944, to and including May 15, 1945, or made a total overcharge of $70 for the rental of said premises.

5. The actions of the defendant in demanding and receiving excess rental for the premises were willful.

6. The actions of the defendant in demanding and receiving excess rental for the premises were the result of failure to take practicable precautions.

7. The plaintiff is entitled to recovery and judgment is, therfore, entered in favor of the plaintiff and against the defendant, Helen Lenko, in the amount of $140 together with the costs of said proceeding.

8. The plaintiff is entitled to injunctive relief as prayed for against the defendant.

## Discussion

In this civil action brought by the Administrator of the Office of Price Administration against the defendant, Helen Lenko, under the provisions of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix § 901 et seq., it was alleged and not denied that the defendant charged rental for certain premises situate at 533 Chestnut Street, Springdale, Pennsylvania, on the basis of $40 per month during the period from November 15, 1944, to and including May 15, 1945, while the legal maximum rent for said housing accommodation was $30 per month, or the amount of $10 in excess of the legal maximum rent was charged for a period of seven months, making a total overcharge of $70.

The defendant endeavored to justify her actions by explaining that she purchased said dwelling in April of 1944, and that notice was given to the tenant that possession was desired since it was her intention to get married. However, the dwelling was never occupied by the defendant after the possession was secured for the reason that the fiancé of the defendant entered military service and the prospective marriage was never consummated. After possession was secured and the defendant learned that she would not have occasion to occupy the home since the prospective marriage was never consummated, she decided to make various repairs to the property, and that approximately $550 to $600 was expended in repairing and remodeling the interior of the dwelling.

The defendant at no time communicated with the Office of Price Administration pertaining to the rental which could be charged for the leasing of said premises, and was fully informed that the rental for said premises at the time of the purchase was $30 per month. She explained that she had asked her mother to make inquiry at the Office of Price Administration pertaining to the increase of the rental, but no further effort was extended by the defendant to ascertain whether or not her mother had complied with the request which was made. The actions of the defendant in charging the excess rental were purely arbitrary and with utter disregard of the regulations which existed in the Pittsburgh Defense-Rental Area.

A provision further existed for the defendant to file an appropriate application for authorization to increase the rental value of said premises, and if it could have been proven that the repairs which were made in the approximate amount of $550 to $600, were major capital improvements, the Office of Price Administration would have authorized a reasonable increase in the rental to be charged. If the defendant had made reasonable inquiry with the Office of Price Administration, she would have been informed of the remedy which was available for her but, in this respect, no precaution was taken by her in any way whatsoever to justify the increase in the rental which was charged.

Under the provisions of Section 205(e) of the Emergency Price Control Act of 1942, as amended by the Stabilization Extension Act of 1944, 50 U.S.C.A. Appendix § 925(e), it is provided that the

court shall enter judgment in "such an amount not more than three times the amount of the overcharge, or the overcharges, upon which the action is based as the court in its discretion may determine."

It is, therefore, discretionary with the Court as to the amount for which judgment must be entered where the defendant violator fails to exculpate himself from the inference of willfulness and the failure to take practicable precautions, for such amount as the Court in its discretion may determine, not, in any event, more than three times the amount of the overcharge nor less, it would reasonably seem, than the amount of the overcharge. Bowles v. Ammon et al., D.C., 61 F.Supp. 106 at page 118.

 Since the damages to be assessed against the defendants are a matter of discretion with the Court, the trial judge has endeavored to be fair and equitable to all parties involved in this proceeding, keeping in mind that the Office of Price Administration does not carry the sole burden of the war against inflation and that the courts also have been entrusted with a share of that responsibility. It is, therefore, necessary for the Court to exercise its discretion in light of the major objectives in the act. For the standards of public interest, not the requirements of private litigation, measure the propriety and need for the amount of damages which are assessed. That discretion should also reflect an acute awareness of the congressional admonition that "of all the consequences of war and the post-war economic re-adjustment period, except human slaughter, inflation is the most destructive and that indifference to the regulations of the Office of Price Administration will be fatal." Hecht Co. v. Bowles, Price Administrator, 321 U.S. 321, 64 S.Ct. 587, 88 L.Ed. 754; Bowles, Office of Price Administration, v. Goebel, D.C., 58 F.Supp. 686.

The Court has given due consideration to the fact that the defendant appeared before the criminal branch of this Court and was directed to pay a fine of $50.00 and costs, so that the defendant has been assessed or penalized in the amount of $86.84 before consideration was given to the civil proceeding.

A proceeding of this nature, which justifies the imposition of treble damages, is somewhat of a quasi criminal action and the Court, therefore, believes that judgment should be entered in favor of the Office of Price Administration, on behalf of the United States, against the defendant, Helen Lenko, for double the amount of the overcharge together with the costs of this proceeding.

It is necessary that the defendant realizes in the future that she must comply with all rules and regulations adopted by the Office of Price Administration, which would govern the leasing of premises in the Pittsburgh Rental-Defense Area, and it is, therefore, the belief of the Court that the request of the government for injunctive relief should be granted.

An appropriate Order directing the entry of judgment, and the granting of the injunctive relief will be filed with this opinion.