## HARRIS v. TWENTIETH CENTURY–FOX FILM CORPORATION.

District Court, S. D. New York.
Sept. 18, 1940.

O'Brien, Driscoll & Raftery, of New York City (Arthur F. Driscoll, of New York City, of counsel), for plaintiff.

Edwin P. Kilroe, of New York City, for defendant.

MANDELBAUM, District Judge.

The plaintiff applies for a temporary injunction to restrain the defendant from distributing and exhibiting a motion picture entitled "Brigham Young" unless she receives screen credit as the author of the original story and co-author of the motion picture treatment.

The relief sought is predicated upon the contention that the failure of the defendant to give her the proper screen credit is a fraud upon her in that she is deprived of publicity and credit to which she, is entitled, and that a fraud is being perpetrated upon the public at large in that all of the authorship is attributed to one Louis Bromfield.

The defendant, in contesting this application, submits that the plaintiff is not the author of the story and that as a matter of law is not entitled to any screen credit whatsoever although it did give her screen credit for "story research".

Briefly, the essential facts are the following: The plaintiff was employed by the defendant as a Junior Writer at a salary of $75 per week. During that time she submitted to Mr. Darryl Zanuck, production head of the defendant, a rough outline dealing with the life of Brigham Young, Mormon leader, for an idea for a motion picture. This was rejected and after resubmission with some changes, it was again rejected. The plaintiff left the defendant's employ due to illness and upon her request received a release from the defendant of her outline to do with as she pleased. Subsequently, Mr. Zanuck decided to make a picture on the life of Brigham Young and the plaintiff was rehired, receiving $1,000 for an option upon her story and a contract for $75 per week on a regular term basis. Thereafter, the defendant engaged Mr. Louis Bromfield, a well-known novelist and playwright, to prepare the screen play. Both the plaintiff and a Mr. Woolley were assigned to Mr. Bromfield to assist him in his work. The screen credits attributed authorship of the story and screen treatment to Mr. Bromfield. The motion picture "Brigham Young" is scheduled to be shown at the Roxy Theatre, New York, on September 20, 1940. (There have been prior showings of the film in Utah and California.)

After a careful consideration of the affidavits submitted for and against the application, as well as the briefs of counsel, I am constrained to hold that a case for injunctive relief has not been presented. The issuance of a temporary injunction is a most drastic remedy and should not be exercised by the court unless the right to such relief is clear.

The issue submitted to the court for decision is whether the story used by the defendant in its motion picture is the work of the plaintiff. The affidavits are indeed very conflicting. Mr. Bromfield's affidavit, as well as the others, in support of the defendant's position contend that except for the historical data neither the plaintiff nor Mr. Woolley made any substantial contribution to the screen play. That the final story as portrayed in the motion picture contained nothing for which the plaintiff could claim screen credit. The plaintiff, on the other hand, has taken a contrary position, insisting that not only is she the original author of the work but that she collaborated with Mr. Bromfield in the screen treatment.

From the oral argument and from my examination of the entire pro-

ceeding, I find myself unable to determine whether the plaintiff is the author of the story which is the basis for the film. I think it is a common practice in the motion picture industry to revise and change original stories submitted to such an extent that very often all that remains is the title. From the papers submitted, I cannot say that such is not the situation here. Under the circumstances, I am reluctant to grant the plaintiff any immediate relief. I also believe that the plaintiff in her contract and option agreement with the defendant has estopped herself from claiming any screen credit whatsoever. When she re-entered the defendant's employ, her contract of employment failed to include any right to screen credit. In the contract, it is provided that the defendant would be deemed the author of the literary property created by the plaintiff during her term of employment and that she divested herself of all rights generally known as the moral rights of authors, which rights include the right to credit as author of a work. See Jones v. American Law Book Co., 125 App. Div. 519, 109 N.Y.S. 706.

In passing, I might add that the allegation of jurisdiction in Paragraph First of the complaint is, I believe, defective and should be amended to show the jurisdiction of this court by setting forth the citizenship of the plaintiff.

The plaintiff's motion for a temporary injunction is denied.