**BOWLES, Price Adm'r, v. COHN.**

District Court, S. D. New York.

April 29, 1944.

John D. Masterton, Chief Enforcement Atty., Office of Price Administration, of New York City (Francis A. McGurk, of New York City, of counsel), for plaintiff.

David Klein, of New York City, for defendant.

CAFFEY, District Judge.

The articles in controversy are handkerchiefs. The plaintiff seeks an injunction pendente lite against the defendant selling or delivering those articles unless and until he prepares, keeps and makes available (1) a base period statement, (2) current pricing records and (3) customary sales records.

The complaint, in general terms (paragraph 1), charges that the defendant violated the General Maximum Price Regulation, hereinafter called the regulation. It also claims (paragraph 7) that the violations consisted of failures by the defendant (1) on or before July 1, 1942, to prepare, and thereafter to prepare and keep, a base price statement; (2) to keep and make available to O. P.,A. a customary sales record; and (3) to keep and make available to O. P. A. current pricing records. The answer denies all these allegations.

Whether such a motion as is now before the court should be granted turns on the evidence as a whole. In consequence, before going into that, obviously we must have in mind the law applicable. Otherwise, we shall be without the necessary yardstick for use in measuring the facts.

What is the law to which we must resort consists of two propositions.

These are: (1) The granting or refusal of an injunction is controlled by general equity principles. Hecht Company v. Bowles, 321 U.S. 321, 329, 64 S.Ct. 587. Cf. my opinion of April 26, 1944, in Bowles v. F. A. MacCluer Inc.,[1] Civ. 25—22, and Bowles v. Sambrooks Limited,[1] Civ. 25—18. (2) The burden of proof is on the plaintiff to establish the defendant's guilt and his evidence must be clear, as well as undisputed or convincing, Knapp v. Callaway, D.C.S.D.N.Y., 52 F.2d 476, 478; Harris v. Twentieth Century-Fox Film Corporation, D.C.S.D.N.Y., 35 F.Supp. 153, 154, reversed under the same title, 2 Cir., 139 F.2d 571, with respect to certain items of costs, but not disturbed on the point for which the case when in this court was cited.

At this stage I include no extract from the Hecht case, because I feel I have sufficiently quoted from it in the MacCluer-Sambrooks case. But I call attention to the fact that in the Knapp case near the end (page 478 of 52 F.2d), the court said, "Where the facts are disputed, a preliminary injunction will not issue" and in the Harris case it was said (35 F.Supp. 154): "The issuance of a temporary injunction is a most drastic remedy and should not be exercised by the court unless the right to such relief is clear."

On some phases there is dispute in the affidavits. But the heart of the controversy, as I see it, hinges about base period statements and current pricing records. I do not interpret the statement by the investigator or by any other witness for the plaintiff as directly claiming that the defendant lacked customary sales records.

In an affidavit of the plaintiff's investigator he made a statement in regard to a visit to the defendant's premises on February 21, 1944, as follows:

"I was informed by defendant that there was no base period statement prepared and no current pricing records in existence, and that defendant did not have pricing records showing, as precisely as possible, the basis upon which he determines maximum prices for handkerchiefs."

In a reply affidavit the defendant squarely denied that on February 21, 1944, he told the investigator that "no base statement or current pricing records" were in existence. He asserted that, on the contrary, "these records were in existence."

In the affidavit he also included a statement as follows:

"Immediately after the price regulations went into effect and prior to July 1, 1942, a price list was prepared by the defendant showing the sales price of the commodities during the month of March, 1942, and thereafter, the defendant also maintained what is known as 'current pricing records.' These price lists were available at the office of the defendant for inspection by the Office of Price Administration or any other person desiring to inspect the same."

It is further to be noted that at the oral argument of the motion for the injunction the defendant submitted a new base period statement and new current pricing records, prepared (as he claims) in conformity with the O. P. A. requirements. The attorney for the plaintiff conceded that the documents were proper in form.

Section 1499.11 of the General Maximum Price Regulation provides for the keeping of base period records. Subdivision (b) (1) specifies what they must show. This is the "highest prices which he [the seller] charged for such of those commodities or services as he delivered or supplied during March 1942 and his offering prices for delivery or supply of such commodities or services during such month, together with an appropriate description or identification of each such commodity or service."

The plaintiff finds fault with the base period statement in that, as he argues, the style numbers of the defendant's handkerchiefs in March, 1942, are not sufficient identification. Nevertheless, any person reading the portion of the regulation just quoted might reasonably believe that the style number of such an article was enough to identify it. The regulation speaks in the alternative. It calls for an appropriate description or an identification. Either would do. The style numbers having been furnished, I feel that it is not established that the defendant failed to identify his commodities.

Section 1499.12 of the regulation contains the provisions for current records. It provides as follows:

"Every person selling commodities or services * * * shall keep * * * records of the same kind as he has customarily kept, relating to the prices which he charged for such of those commodities or

---

[1] No opinion for publication.

services as he sold after the effective date of this General Maximum Price Regulation; and, in addition, records showing, as precisely as possible, the basis upon which he determined maximum prices for those commodities or services."

Upon being informed that his records did not show with sufficient precision the basis on which he determined maximum prices, the defendant (as he says) immediately prepared detailed records which he believed complied with the O. P. A. requirements.

■ I think what I have said is enough to show three things: (1) Substantially every relevant allegation of fact by the plaintiff either has been overcome by proof and has been denied. (2) It is not established that the defendant has intentionally violated any provision of law or regulation. (3) The evidence is certainly persuasive, and I feel is convincing, that the defendant has acted in good faith.

It may be true, as I think is probable, that there are some respects (mostly minor) in which the defendant was not as prompt as he should have been or omitted some details. Yet, if so, I do not believe those were important or that there were enough to indicate bad faith. I am not impressed by the evidence that the defendant was unwilling to comply with any reasonable or authorized request of O. P. A. In this connection it is pertinent to quote from the Hecht case, supra, as follows (page 327 of 321 U.S., page 591 of 64 St.Ct.):

"We agree that the cessation of violations, whether before or after the institution of a suit by the Administrator, is no bar to the issuance of an injunction under § 205(a). But we do not think that under all circumstances the court must issue the injunction or other order which the Administrator seeks."

In any event, upon all the facts in the present case, I conclude that it does not appear that any useful purpose would be served by enjoining the defendant. I conclude also that in all substantial respects he seems now to have complied with the regulation. Furthermore, he seems to me to have shown a willingness to comply and to cooperate in the future; and what is of most importance in this connection is that the issuance of an injunction pendente lite would not aid the public interest since the requirements of the plaintiff have been met, or at least approximately met.

The motion will be denied, with leave to the plaintiff at any time before trial to renew his application for an injunction pendente lite if he find that the defendant is not complying with the regulation.

Settle order on two days' notice.