**PORTER, Adm'r, OPA, v. HOFFMAN.**
No. 4834.

District Court, N. D. California, N. D.
April 30, 1946.

W. H. Brunner and Ralph H. Mortenson, both of San Franscisco, Cal., for plaintiff.

Morris M. Grupp, of San Francisco, Cal., for defendant.

WELSH, District Judge.

Plaintiff's complaint alleges that defendant sold meats at wholesale, at prices exceeding the maximum prices provided for the sale of said items by the Revised Maximum Price Regulations.

Plaintiff called witnesses and introduced documents in evidence. Defendant did not appear at the trial, and his counsel called no witnesses after plaintiff rested his case.

Plaintiff's attempts to prove the allegations of his complaint were unsuccessful. The Court was indulgent in admitting in evidence documents offered by plaintiff. Many of them were admitted on the assumption that plaintiff would eventually complete laying the necessary foundation. This the plaintiff failed to do.

The record is devoid of evidentiary support of the allegations of plaintiff's complaint in many material respects.

Plaintiff's trial counsel admitted that he was unable to obtain witnesses who could identify invoices. His disappointment in finding it impossible to supply other proofs was apparent during the progress of the trial.

The handicap under which counsel labored was illustrated when the witness Herman J. Widman was on the stand. He questioned said witness with reference to various tabulations. Defendant's attorney interposed objections to the qualifications of the witness, and brought out the point that Mr. Widman was not even qualified as an ordinary bookkeeper, let alone possessing qualifications to testify relative to accounting matters.

Plaintiff attempted to prove claimed violations involving the "red point account" of defendant at a local bank. The bank account offered in evidence was stipulated to represent only one of the bank accounts of the three markets operated by the defendant. No evidence was offered with respect to other bank accounts or other markets. That left the proof incomplete.

Plaintiff's failure to prove that deliveries were made to customers or that payments were received from them by the defendant is fatal to the establishment of another phase of his alleged cause of action. Even with respect to transactions evidenced by invoices designated as Exhibits 3, 4, 7, 8, 9 and 10, no delivery and no payment was proven in any instance. No sales above ceiling price can be found by this Court where such proof is lacking.

Other phases of the case were equally without competent oral or documentary evidence to meet the legal requirements of burden of proof. Plaintiff failed to prove any overcharges, to establish that defendant sold less than 80% of his meat to the ultimate consumer in any one month prior to the alleged over-ceiling sales, to lay the necessary foundation for introduction of any invoices introduced in evidence and to establish the foundation for introduction in evidence of tabulations allegedly prepared by the witness Widman.

The most that the testimony accomplished was to cast suspicion on some of the methods of the defendant, but it was, at

most, speculative and conjectural so far as the alleged violations were concerned.

The plaintiff was handicapped by lack of witnesses. If the defendant had been available for cross-examination, plaintiff's case might have been strengthened in many respects. Plaintiff's counsel evidently expected that the defendant would be present to take the witness stand in his own behalf. If he had been it is possible that what, without him, were missing links in plaintiff's chain of proof, might have been supplied. The Court is powerless to make inferences as to what defendant's testimony might have been, inasmuch as there is nothing on which to base them.

Plaintiff failed to establish by preponderance of evidence that the defendant violated the regulations in any of the particulars alleged in the complaint.

It is, therefore, ordered that defendant have judgment upon findings of fact and conclusions of law to be prepared by his counsel.