**PORTER v. BERMAN et al. (two cases).**
**Civ. A. Nos. 4202, 4124.**

District Court, W. D. Pennsylvania.

Oct. 4, 1946.

Samuel M. Chertoff, Chief Food Enforcement Atty., of Pittsburgh, Pa., for plaintiff.

Emanuel Goldberg, of Pittsburgh, Pa., for defendants.

GOURLEY, District Judge.

These are civil actions brought by the Administrator of the Office of Price Administration against the defendants, George H. Berman and H. C. Berman, trading as Berman's Food Market, under and pursuant to the provisions of Sections 2, 4, 205(a) and (c) of the Emergency Price Control Act of 1942, as amended, 50 U.S. C.A.Appendix, §§ 902, 904, 925(a, c).

It is the contention of the plaintiff that the defendants, George H. Berman and H. C. Berman, trading as Berman's Food Market, with places of business at 929 Highview Street and 754 Mellon Street, in the City of Pittsburgh, Allegheny County, Pennsylvania, violated the provisions of Maximum Price Regulation No. 394 and Office of Economic Stabilization Regulation No. 1.

The plaintiff claims, more particularly, that the defendants violated the provisions of said regulations in the following particulars:

1. Maximum Price Regulation No. 394, more particularly Sections 15 to 24, inclusive, and Office of Economic Stabilization Regulation No. 1, Sections 4002.1 and 4002.-4, were violated in that the defendants during the months of February and March, 1945, neglected and refused to comply with said regulations as follows:

a. By neglecting and failing to show on the retail cuts of meat displayed by them the grades for such meat cuts.

b. By selling kosher beef, veal, lamb and mutton cuts at prices which are not determined by, and have no relationship to, the grade of the cut being sold and by otherwise evading the maximum price provisions of the aforesaid regulations.

c. By charging and collecting for kosher beef prices in excess of the maximum prices established and specified therefor by Maximum Price Regulation No. 394.

The plaintiff demands injunctive relief in each of said cases against the defendants, their officers, agents, servants, employees, attorneys, and all persons acting, directly or indirectly, in their behalf, from failing or neglecting to comply with the provisions of Maximum Price Regulation No. 394.

In addition thereto, the plaintiff demands judgment in behalf of the United States and against the defendants in each of said actions in the sum of $50.

The only difference in the two actions is that in connection with Civil Action No. 4202, the alleged violations of the Act pertain to the place of business conducted by the defendants at 929 Highview Street, Pittsburgh, Allegheny County, Pennsylvania, during the month of March, 1945, and prior and subsequent thereto, and in connection with Civil Action No. 4124, the alleged violations of the Act pertain to the place of business conducted by the defendants at 754 Mellon Street, Pittsburgh, Allegheny County, Pennsylvania, during the month of February, 1945, and prior and subsequent thereto.

This matter was presented for hearing before the Court without a jury.

The Court, after hearing and consideration of the arguments and briefs presented by counsel for the party litigants, makes the following Findings of Fact and Conclusions of Law:

### Findings of Fact

1. The defendants, George H. Berman and H. C. Berman, trading as Berman's Food Market, are and were at the time mentioned in the complaint engaged in the operation of a retail food market, with their places of business situate at 929 Highview Street and 754 Mellon Street, Pittsburgh, Allegheny County, Pennsylvania.

2. The defendants are cognizant of the existence of Maximum Price Regulation No. 394 and Office of Economic Stabilization Regulation No. 1.

3. Said regulations issued by the Office of Price Administration provide the ceiling prices which can be charged for the various types of retail cuts of meat and kosher meat sold by the defendants at their respective places of business.

4. The plaintiff failed to prove and, therefore, withdrew its cause of action in both cases against the defendants for damages.

5. The defendants in connection with the conducting of their business at 929 Highview Street, Pittsburgh, Allegheny County, Pennsylvania, submitted a written statement to an investigator of the Office of Price Administration that merchandise governed by the regulations involved in this suit was being sold at a price higher than provided by the regulations.

6. The defendants in connection with the conducting of their business at 754 Mellon Street, Pittsburgh, Allegheny County, Pennsylvania, submitted a written statement to an investigator of the Office of Price Administration that merchandise governed by the regulations involved in this suit was being sold at a price higher than provided by the regulations.

7. That no evidence of sales was proved by the plaintiff nor was there any evidence introduced to show that the defendants at either of their places of business offered to sell any of the merchandise governed by said regulations other than the written statements given by the defendants to the representatives of the Office of Price Administration.

### Conclusions of Law

1. The Court has jurisdiction of the within proceedings pursuant to the provisions of Section 205(a) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq.

2. The Court has jurisdiction over the parties hereto by virtue of Section 205(c) of the Act.

3. The defendants by their written statements expressed the intent to sell commodities governed by said regulations in excess of the ceiling prices.

4. The Court does not believe from the evidence presented that it would presently be to the public interest to grant an injunction.

5. The Clerk of Courts is, therefore, directed to retain said civil actions on

406

the Court Docket with the right and privilege being given to the Government to file application with the Court for appropriate injunctive relief on a showing that violations of the Act have been committed by the defendants.

## Discussion

■ It is primarily the duty of the Court to consider all the factors that exist and in its discretion to then ascertain whether the issuance of an injunction would insure better compliance in the future and be for the best interests of the public generally. Hecht Co. v Bowles, 321 U.S. 321, 64 S.Ct. 587, 88 L.Ed. 754; Bowles v. Pechersky, D.C., 64 F.Supp. 641; Bowles v. Weitz, D.C., 64 F.Supp. 829.

■ An injunction is used only to stop existing or threatened violations, and not to punish past offenses. Swift & Co. v. United States, 276 U.S. 311, 326, 48 S.Ct. 311, 72 L.Ed. 587; Walling v. Shenandoah-Dives Mining Co., 10 Cir., 134 F.2d 395; Brown v. Hacht Co., 78 U.S.App.D.C. 98, 137 F.2d 689.

■ A court of equity need not afford an injunction to prevent in the future that which in good faith has been discontinued before the commencement of a suit, in the absence of any evidence that the offense will be, or is likely to be repeated in the future. There should be some basis for an injunction besides suspicion or ungrounded fear that the defendant will repeat the wrong or wrongs in the future. Bowles v. Huff et al., 9 Cir., 146 F.2d 428, 431; Bowles v. Carnegie-Illinois Steel Corp., 7 Cir., 149 F.2d 545, 547; Bowles v. Cohn, D.C., 57 F.Supp. 306.

■ However, under the Emergency Price Control Act the cessation of violations, whether before or after the institution of suit by the Administrator, does not bar the issuance of an injunction, but the type of order and whether one should issue is being exercised by this Court in the light of the large objectives of the Act, that of all the consequences of war and economic adjustment during the post-war period, none is more hazardous than inflation and that delay or indifference would be fatal. Bowles v. Warner Holding Co., D.C., 60

F.Supp. 513; Bowles v. Nu Way Laundry Co., 10 Cir., 144 F.2d 741; Bowles v. Sacher, 2 Cir., 146 F.2d 186.

The record in these cases is completely devoid of evidentiary support as to delivery, payment, or any sales having been made by the defendants at either of their places of business in violation of the regulations set forth in the respective complaints. However, the Court believes that the written statements made by the defendants to the investigators of the Office of Price Administration amounted to more than casting a mere suspicion as to the compliance of the defendants with said regulations. The Court furthermore does not believe that it is a pure speculative or conjectural belief that the defendants did not have in mind or intend at least to charge a price greater than that provided by the regulations for the merchandise sold by the defendants in the retail market. If mere suspicion or speculation existed, it would be the duty of the Court to deny the injunction without any reservation. Porter, Adm'r, OPA v. Hoffman, D.C., 65 F.Supp. 492.

It must be kept in mind, however, that an injunction is a relief granted to prevent future misconduct and does not issue to prevent a practice which has been definitely and permanently discontinued. Bowles v. Carnegie-Illinois Steel Corp., 7 Cir., 149 F.2d 545.

■ Since no evidence has been presented to actually establish any violation, I do not believe it proper at this time to award the granting of the injunction prayed for by the Government. However, since a court of equity has the power to mould each decree to the necessities of each particular case, the complaints for injunctive relief are being presently dismissed with the right being given to the Administrator, on reasonable notice to the defendants and a showing that the defendants have failed or neglected to continue to comply with said regulations, or a showing that violations of the Act have been committed, to again apply to the Court for appropriate injunctive relief. Brown v. Hecht Co., 78 U.S. App.D.C. 98, 137 F.2d 689; Bowles v. Cohn, D.C., 57 F.Supp. 306; Bowles v. W. T.

Grant Co., D.C., 57 F.Supp. 773; Hecht Co. v. Bowles, 321 U.S. 321, 64 S.Ct. 587, 88 L. Ed. 754; Bowles v. Seventh Avenue Corp., 2 Cir., 150 F.2d 819.

An appropriate order will be filed with this opinion.

### Order

And now, this 4th day of October, 1946, the prayer of Paul A. Porter, Administrator, Office of Price Administration, for the granting of injunctive relief against George H. Berman and H. C. Berman, t/a Berman's Food Market, defendants, is presently denied; provided, however, that said proceedings shall remain on the docket in the office of the Clerk of Courts with the right given to the Administrator of the Office of Price Administration, on reasonable notice being given to the defendants that violations of the Act have been committed, to again apply to the Court for injunctive relief, at which time additional and appropriate consideration will be given the facts which are then presented.

The defendants are directed to pay the costs which have accrued to date in connection with said proceedings.